IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03443–MSK–KMT

WALTER MYERS, and
KATHERINE MYERS,

    Plaintiffs,

v.

UNITED STATES,

    Defendant.

---

# ORDER

---

This matter is before the court on the "Joint Motion for Stay Pending the Court's Resolution of the Government's Motion to Dismiss Plaintiffs' Claims for Lack of Subject Matter Jurisdiction" (Doc. No. 20, filed June 12, 2014).

## BACKGROUND

Plaintiffs filed this action on December 19, 2013, asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, and the Fourth and Fifth Amendments. (*See* Doc. No. 1 [Compl.].)  On June 9, 2014, Defendant filed a motion to dismiss Plaintiffs' FTCA claims for lack of subject matter jurisdiction. (Doc. No. 19.)  Defendant argues that this Court lacks subject matter jurisdiction over Plaintiffs' claims because (1) Plaintiffs' FTCA claims arising from the discharge of water from the Old Well are barred by the discretionary function exception to the

FTCA; (2) Plaintiffs' claims arising from the discharge of water and other materials during drilling and construction of the New Well are barred by the discretionary function and independent contractor exceptions to the FTCA waiver of sovereign immunity; and (3) Plaintiffs' claims for remedial and response costs must be dismissed because Congress has granted exclusive jurisdiction over such claims to the Court of Federal Claims. (*See id.*) The motion to dismiss is pending before Chief District Judge Marcia S. Krieger. The parties now request that all discovery in this case should be stayed until the Court resolves whether it has subject matter jurisdiction over Plaintiffs' claims. (*See* Doc. No. 20.)

## ANALYSIS

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir.1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.,* No.

06–cv–02419–PSF–BNB, No. 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed.2010). Courts have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue. *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

Indeed, a lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.* As such, decisions from this District have concluded that stays are generally *favored* when a jurisdictional defense under Rule 12(b)(1) is asserted. *See Weatherspoon v. Miller,* No. 11-cv-00312-REB-MEH, 2011 WL 1485935, at *2 (D. Colo. Apr. 19, 2011).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiffs' interests in proceeding expeditiously with the civil action and the potential

prejudice to plaintiff of a delay; (2) the burden on the defendant; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, *LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987)).

The parties argue that a stay is appropriate because (1) Defendant's motion to dismiss challenges the Plaintiffs' assertion that the Court possesses subject matter jurisdiction, which is a threshold issue the Court must determine; and (2) staying the matter before merits discovery commences is the most efficient and cost-effective use of judicial and the parties' resources.

The court agrees with the parties that a stay of this matter is appropriate. Moreover, neither the interest of nonparties or the public interest in general prompt the court to reach a different result.

Accordingly, it is

**ORDERED** that the "Joint Motion for Stay Pending the Court's Resolution of the Government's Motion to Dismiss Plaintiffs' Claims for Lack of Subject Matter Jurisdiction" (Doc. No. 20) is **GRANTED**. All discovery and all deadlines in the Scheduling Order (Doc. No. 16) are **STAYED** pending ruling on the Motion to Dismiss. The parties shall file a joint status

report within ten days of a ruling on the Motion to Dismiss, if any portion of the case remains pending, to advise how they wish to proceed.

Dated this 8th day of July, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge